AO106 (Rev. 12/03) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF   CALIFORNIA

FILED

08 FEB 11 AM 11:59

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

9181 Camino Lago Vista,
San Diego, CA 91977

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

Case Number: 08 MJ 0377

DEPUTY

I, REBECCALYNN STAPLES _____ being duly sworn depose and say:

I am a(n) Special Agent with the Dept. of Veterans Affairs Office of Inspector General   and have reason to believe
         Official Title

that ☐ on the person of or   ☑ on the property or premises known as (name, description and/or location)

See Attachment A

in the SOUTHERN _____ District of   CALIFORNIA

there is now concealed a certain person or property, namely (describe the person or property to be seized)

See Attachment B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

Property that Constitutes evidence of the commission of a criminal offense

concerning a violation of Title  18  United States code, Section(s)  641 and 1001

The facts to support a finding of probable cause are as follows:

Described in Supporting Affidavit

Continued on the attached sheet and made a part hereof:   ☑ Yes   ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

FEB 1 1 2008                           at       San Diego, California
_____              _____
Date                                          City                         State
ANTHONY J. BATTAGLIA
U.S. MAGISTRATE JUDGE                        _____
_____              Signature of Judge
Name of Judge       Title of Judge

# **ATTACHMENT B**

1. Any and all photographs and electronic images, such as video recordings and tape recordings (and their contents) which establish any cohabitative or marital relationships or reflect the identity of persons occupying, possessing, residing in, owning, frequenting or controlling the premises.

2. Any and all documents and articles of personal property establishing any cohabitative or marital relationships or reflecting the identity of persons occupying, possessing, residing in, owning, frequenting or controlling the premises to be searched or property therein, including but not limited to keys, rental agreements and records, property acquisition records, utility and telephone bills and receipts, cable bills, photographs, answering machine tape recordings, telephone beeper or paging devices, rolodexes, telephone answering pads, storage records, vehicle and/or vessel records or registrations, canceled mail envelopes, correspondence, financial documents such as tax returns, bank records, safety deposit box records, canceled checks, and other records of income and expenditure, credit card and bank records, travel documents, personal identification documents, and documents relating to identity, including birth certificates, driver licenses, immigration cards and other forms of identification.

## ATTACHMENT A

The location to be searched is located at **9181 Camino Lago Vista, Spring Valley, California, 91977** and includes the physical building as well as all surrounding areas, including garage, outbuildings, enclosures, vehicles, containers, and safes on the property. The property is described further as follows:

The property is located at the cross street of Camino Lago Vista and Circulo Margen. The house is located on the southwest side of the street and is two stories with stucco finish. The exterior is stucco painted tan and with some wood trim painted brown. The front entrance is recessed to the left of the garage. The number 9181 is located on the left side of the garage frame. The numbers are approximately 6 inches high and painted brown/black.

(SEE ATTACHED PHOTOGRAPHS)





## Attachment A (page 2 of 2)
### 9181 Camino Lago Vista, Spring Valley, California, 91977



1 **AFFIDAVIT**

2

3   I, REBECCALYNN L. STAPLES, being duly sworn, state:

4   **A.   EXPERIENCE AND TRAINING**

5   1.   I have been employed as a Department of Veterans Affairs Office of Inspector
6   General (VAOIG) Special Agent since June 2002. I am currently assigned to the San Diego
7   Resident Agency and have been since June 2002. I am currently assigned to investigate crimes
8   against the Department of Veterans Affairs in and around San Diego, California.
9

10   2.   I received twelve (12) weeks of initial investigative training during the
11   Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC)
12   in Glynco, Georgia where I became familiar with basic investigative procedures and techniques. I
13   have also attended many advanced trainings at FLETC where I became well versed in the laws
14   involving search and seizure.
15

16   3.   Prior to joining the VAOIG, I was a Special Agent with the Naval Criminal
17   Investigative Service (NCIS) for approximately four years as well as the United States Secret
18   Service (USSS) for a year. As a Special Agent throughout my career, I have participated in several
19   criminal investigations involving the theft of government money. I have received substantive
20   advanced training pertaining to the investigation of various crimes to include theft of government
21   money. I have participated in and executed many search warrants related to federal violations, and
22   have conducted numerous surveillances in connection with these investigations. My experience as a
23   Special Agent with the VAOIG, NCIS, and USSS as well as my participation in the investigations of
24   people defrauding the Department of Veterans Affairs, my conversations with other Special Agents
25   familiar with these types of investigations, and my training form the basis of the opinions and
26

27

28

conclusions set forth below, which I drew from the facts set forth herein. From my training and experience, I have learned the following:

    a.    Individuals involved in criminal activity will often use their residences to store and retain information relevant to the commission of the crime. This evidence often takes the form of every day papers and documents such as utility bills, cable bills, rent/mortgage payments, pay stubs, bank statements, and tax returns.

    b.    Residences and premises used by individuals involved in criminal activity usually contain articles of personal property evidencing the identity of person(s) occupying, possessing, residing in, owning, frequenting or controlling the residence and premise.

    c.    Individuals involved in criminal activity often maintain photographs, and/or audio and video recordings of their associates or families. Such items are typically maintained in their residences.

**B.**    <u>**LOCATION TO BE SEARCHED**</u>

I submit that the facts contained in the numbered paragraphs below are accurate, and that they demonstrate that there is probable cause to believe that documents and records and other instrumentalities and evidence of violations of Title18, United States Code, Sections 641 and 1001 will be found at the residence (and all surrounding areas, including garage, outbuildings, enclosures, vehicles, containers, and safes) of CLARENCE SMITH, located at **9181 Camino Lago Vista, San Diego, California, 91977**. Your affiant specifically believes that there is probable cause to believe the residence is likely to contain documents associated with CLARENCE SMITH and Rochelle (Washington) Smith. The location to be searched is described more fully in Attachment A.

//

//

//

//

### C. PROPERTY OR ITEMS TO BE SEIZED

Documents and all other instrumentalities and evidence of violations of Title 18, United States Code, Sections 641 and 1001 as demonstrated in this attached affidavit. See Attachment B for further details.

### D. INTRODUCTION

1. Since May 2004, the VAOIG has been investigating the criminal activities of Clarence SMITH concerning false statements he made to the Department of Veterans Affairs in order to fraudulently receive government funds in San Diego County. During the investigation, the DEA identified SMITH as the recipient of VA benefits due to his false statements or material omissions to the Department of Veterans Affairs.

2. SMITH was married to Ardalia Smith on November 12, 1973 in Orlando, Florida. They were both on active duty in the United States Navy. Subsequently on February 27, 1978, Ardalia reportedly committed suicide by shooting herself in the head, in their home, in front of Clarence SMITH. Because Ardalia was on active duty when the shooting took place, SMITH was paid military survivor's benefits and immediately applied for Dependency and Indemnity Compensation (DIC) benefits from the Department of Veterans Affairs. SMITH was granted said DIC benefits effective August 1, 1979. When granted said benefits he was advised if he remarried he was no longer entitled to said benefits.

3. DIC benefits are "a monthly payment made by the Department of Veterans Affairs to a surviving spouse, child, or parent . . . [b]ecause of a service-connected death." 38 C.F.R. § 3.5(a)(1). For purposes of such benefits, a "surviving spouse" is "the spouse of a veteran at the time of the veteran's death . . . who has not remarried or . . . <u>lived with another person and held himself or herself out openly to the public to be the spouse of such other person</u>." 38 U.S.C. 101(3) (emphasis added); <u>see also</u> 38 C.F.R. § 3.50(b)(2) (surviving spouse qualifies for DIC benefits only

1 if spouse "has not since the death of the veteran . . . lived with another person of the opposite sex
2 and held himself or herself out openly to the public to be the spouse of such other person").

3   4.   In August 1986 it was discovered that SMITH had remarried Rochelle
4 (Washington) Smith on August 26, 1979 and yet neglected to notify the VA. SMITH was
5 investigated by the VAOIG, prosecuted by the United States Attorney's Office in San Diego, CA
6 and ordered by Judge John S. Rhoades to repay the VA the total sum of money defrauded which was
7 approximately $41,320. Prior to sentencing in that case, SMITH provided the VA a certified divorce
8 decree showing he and Rochelle Smith were legally divorced on May 1, 1987 in San Diego, CA. An
9 audit of VA records verified SMITH paid back the full amount of $41,320.00. SMITH then applied
10 for re-instatement of VA DIC benefits and was granted said benefits as he stated he and Rochelle
11 Smith were divorced and no longer living together.
12
13   5.   According to VAOIG Special Agent Billings, SMITH was told by Judge
14 Rhoades that should he remarry Rochelle Smith and/or should they live together in a cohabitating
15 relationship as if married but not legally so, that would still constitute ineligibility for DIC benefits.
16 On January 27, 1988, Judge Rhoades, requested via Federal Probation, a field examination to
17 determine if SMITH was still residing with Rochelle Smith, even though they had divorced. During
18 said Field Investigation, SMITH was contacted at 7535 Jamacha Rd., San Diego, CA 92114, and he
19 said Rochelle Smith was living at an address of 4030 Park Haven Court, San Diego, CA 92113. It
20 was later determined through interviews of Rochelle Smith that her and SMITH were actually living
21 together at the time and the address he gave as her home was actually her sister's residence.
22
23   6.   On October 7, 2003, SMITH applied for service connected benefits from the
24 VA as a veteran. SMITH stated he was divorced but he listed Rochelle Smith as his emergency
25 contact and showed her living at his same address. SMITH's DD-214 and U.S. Navy Service Record
26 disclosed Rochelle Smith was listed as a dependent of SMITH the entire time he was in the military,

even after their supposed "divorce" in May 1987. Rochelle Smith was also receiving Tri-Care Prime benefits as a part of SMITH's retired military service benefits.

7. SMITH was interviewed on May 27, 2005. SMITH clarified he and Rochelle Smith did not remarry after their 1987 divorce, because of the previous VAOIG investigation. NCIS Investigator Marv Singleton and I met with SMITH again on June 9, 2005, at which time SMITH stated the only reason he and Rochelle Smith never remarried was because he knew he would lose his VA DIC benefits. SMITH further stated he needed the VA benefit money to live off of, as his work was not steady. SMITH admitted he and Rochelle had always lived together as husband and wife and knowingly represented that to the military after their legal divorce in 1987.

8. Military Tricare was contacted to conduct an audit of all of the monetary healthcare benefits Rochelle Smith falsely obtained since May 1987, to include the birth of their son Camirell Jeromy Smith on January 27, 1997. Tricare revealed their total loss from benefits Rochelle Smith fraudulently obtained was over $5,580.

9. On May 21, 2007, Special Agent A. Davis Beasley and I went to CLARENCE SMITH's residence at **9181 Camino Lago Vista, Spring Valley, CA 91977** to interview SMITH's adult children Corey and Rashonda Smith. SMITH answered the door and said Rashonda did not live there and Corey was not home. SMITH reported Corey often works out of town and he did not know when he would return. I then asked where Rochelle Smith was and he said "you know we aren't married". SMITH then said Rochelle Smith lives with her mother at St. Stephen's in the 5800 block of Imperial Avenue, San Diego, CA.

10. Your affiant and SA Beasley went to St. Stephen's located at 5625 Imperial Avenue, San Diego, CA 92115 and spoke with the resident manager Mary. Your Affiant asked Mary if Rosie Washington lived there with her daughter Rochelle Smith. Mary explained St. Stephen's was a 55 years and older residential center and only Rosie lived there in a studio

apartment. Mary then called Rosie Washington and led us to Apartment 320 which belonged to her. Rosie Washington identified herself and said she was Rochelle Smith's mother. She could not remember the date of Rochelle and Clarence Smith's marriage but said she attended their wedding 20-30 years ago. Rosie Washington said she was never aware of Clarence and Rochelle Smith getting a divorce and although Rochelle had stayed with her for a few nights when she was sick, Rochelle Smith had never lived with her at that location. Rosie Washington further stated Rochelle and Clarence Smith lived at a house on Camino Lago Vista and their sons Corey and Camirell lived with them. According to Rosie, Rashonda Smith had her own apartment.

11. On May 23, 2007, Rochelle Smith was interviewed. During the interview she was shown an unsigned version of the divorce decree filed for her and SMITH. Rochelle Smith said she did not recognize the document and had lived with SMITH since their marriage in 1979. Rochelle Smith was then asked if she recalled being contacted by Don Dean, a VA Field Examiner in February 1988 at her residence on 4030 Park Haven Court, San Diego, CA 92113. Rochelle Smith said she never lived at that residence, that that was her sister's house and at the time she lived in a townhouse with SMITH and their children Rashonda and Corey at 7535 Jamacha Rd., San Diego, CA 92114. Furthermore, she said she never spoke to anyone from the VA who was trying to identify where she lived, after the first court case in 1987.

12. During the weeks of September 3, 2007 and September 10, 2007 your affiant conducted surveillance of SMITH's residence at **9181 Camino Lago Vista, San Diego, California 91977**. The surveillance revealed the comings and goings of both SMITH and Rochelle Smith, which included Rochelle Smith driving a young boy to school every morning.

13. On September 14, 2007, your affiant and Special Agent Beasley interviewed SMITH again. During said interview, SMITH spoke to the fact that he and Rochelle Smith lived separate lives and had lived apart on many occasions. He stated he was not married to her and said

they did not live as a married couple; they just stayed together in the house sometimes. SMITH then requested a lawyer and the interview was terminated.

14.  Since this affidavit is being submitted for the limited purpose of securing authorization for execution of a search warrant at the location to be searched, your affiant has not included each and every fact known to your affiant concerning this investigation. Your affiant has set forth only the facts that your affiant believes are necessary to establish the necessary foundation for a search warrant for this location.

E. **KNOWN EVIDENCE OF DOMINION AND CONTROL**

CLARENCE SMITH's residence of **9181 Camino Lago Vista, San Diego, California 91977** has been verified a number of ways. This is his listed address in AutoTrack, a law enforcement database. I have conducted surveillance at this residence on numerous occasions and observed CLARENCE SMITH entering and exiting the residence on a daily basis, leaving in the same vehicle each time. My most recent period of surveillance occurred in January 2008. I have also interviewed SMITH at this residence.

F. **CONCLUSION**

1.  Based on the facts summarized above, and my ongoing participation in this investigation, your affiant believes CLARENCE SMITH made false statements to the Department of Veterans Affairs and committed the crime of Theft of Government Funds, and is storing evidence of these activities at his residence located at **9181 Camino Lago Vista, San Diego, California 91977.**

2.  Based on the forgoing, your affiant believes that probable cause exists that the residence located at **9181 Camino Lago Vista, San Diego, California 91977** (the location to be searched) contains property that constitutes evidence of the commission of an offense under Title 18, United States Code, Sections 641 and 1001; contraband and fruits of such offenses; *and property*

1  designed and intended for use and which had been used as the means of committing such offenses.
2  Such property is more particularly described in Attachment B to this affidavit.
3      3.   Wherefore, your affiant respectfully requests that a search warrant be issued
4  for the residence and any and all related areas which are likely to contain documents associated with
5  CLARENCE SMITH and Rochelle Smith at **9181 Camino Lago Vista, San Diego, California,**
6  **91977**, authorizing a search of the premise and the seizure of the items described with particularity
7
8  in Attachment B to the Application and Affidavit for Search Warrant.

_____
REBECCALYNN L. STAPLES
Special Agent
Department of Veterans Affairs
Office of Inspector General

SUBSCRIBED and SWORN to before me
on this 11th day of February, 2008

_____
Hon. ANTHONY J. BATTAGLIA
United States Magistrate Judge